UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GUENTHER,<br><br>Plaintiff,<br><br>v.<br><br>JERRY OURIQUE, et al.,<br><br>Defendants. | Case No. 3:25-cv-07491-JSC<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 1 |

Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner has paid the $5.00 filing fee. His petition sets forth four claims challenging the constitutionality of petitioner's conviction in state court:

1. Whether the trial court's failure to instruct that, under Penal Code section 26, a "mistake of fact" defense could be based on an honest but unreasonable belief in consent violated petitioner's Sixth Amendment right to have the jury instructed on the theory of defense, and his Fourteenth Amendment right to due process;

2. Whether the trial court's failure to instruct on Penal Code sections 286(c)(3) and 287(l) that Petitioner's conduct was "threatening to retaliate in the future", and instructing only on "duress" under Penal Code sections 286(c)(2)(A) violated Petitioner's Sixth Amendment right to present a defense and to have all elements of the offenses proven beyond a reasonable doubt, and his Fourteenth Amendment right to due process;

3. Where petitioner's belief in Jane's consent was a core issue, whether the trial court's allowing Jane to express her personal opinion that petitioner had not believed her misrepresentations that she loved and desired him violated Petitioner's Sixth Amendment right to present a defense and his Fourteenth Amendment right to due process; and

4. Whether the trial court's imposition of a 60-year sentence on Petitioner, a 40-year-old man, was a de facto sentence of life without possibility of parole and violated petitioner's Eighth Amendment right not to be subjected to cruel and unusual punishment.

These claims, when liberally construed, are cognizable and potentially meritorious. Good cause appearing, Respondent is hereby ordered to show cause why the petition should not be granted.

In order to expedite the resolution of this case, it is further ordered as follows:

1. The Clerk shall serve respondent and the respondent's attorney, the Attorney General of the State of California, with a copy of this order and the petition with all attachments.

2. Consistent with Habeas Local Rule 2254-6, Respondent shall file with the court and serve on petitioner, within 60 days of service of the petition and this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within 30 days of the date the answer is filed.

3. Respondent may file, within 60 days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within 14 days of the date any opposition is filed.

**IT IS SO ORDERED.**

Dated: September 8, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge