United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY GUENTHER,
Petitioner,

v.

JERRY OURIQUE, et al.,
Respondents.

Case No. 25-cv-07491-JSC

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

A California jury convicted Jeffrey Guenther of ten counts of oral copulation by duress and ten counts of sodomy by duress. The evidence showed Guenther engaged in a sexual relationship with his subordinate, Jane Doe. Though Doe initially consented to this relationship, Guenther later became extremely controlling and forced her to engage in sex. For instance, Guenther threatened at various times to fire her or dock her pay if she did not continue the relationship. The state court sentenced him to consecutive three-year terms on each count, for a total sentence of 60 years. On direct review, the Court of Appeal affirmed his conviction and sentence. *People v. Guenther*, 104 Cal. App. 5th 483, 492 (2024), *review denied* (Nov. 13, 2024). Guenther now petitions for a writ of habeas corpus under 28 U.S.C. § 2254. The relevant facts are stated in the Court of Appeal's decision, *Guenther*, 104 Cal. App. 5th at 492–508, and must be viewed in the light most favorable to the prosecution. *McDaniel v. Brown*, 558 U.S. 120, 133 (2010). Respondents concede that the petition is timely and all claims are exhausted. (Dkt. No. 5 at 2.)[1] For the reasons stated below, Guenther's petition is DENIED.

1. The jury instruction concerning Guenther's mistake of fact defense does not entitle

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

him to relief. The Court of Appeal held the jury instruction properly stated the law. *Guenther*, 104 Cal. App. 5th at 521–23. Guenther principally argues the Court of Appeal was wrong as a matter of state law, but its interpretation of state law is binding here. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citations omitted). While ambiguous jury instructions can violate a defendant's constitutional rights if "'there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution," Guenther has not demonstrated any such ambiguity. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Boyde v. California*, 494 U.S. 370, 380 (1990)). Nor does he meaningfully explain how the jury instruction interfered with his right against conviction except by proof to a jury beyond reasonable doubt or his right to present a complete defense. *See In re Winship*, 397 U.S. 358, 364 (1970); *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). At bottom, Guenther disagrees with the state law definition of mistake of fact. Such disagreement is not a basis for habeas relief.

2. The duress jury instruction also does not justify relief. As with the mistake of fact jury instruction, the Court of Appeal held the duress jury instruction properly stated the law. *Guenther*, 104 Cal. App. 5th at 508–21. Though Guenther argues that decision was wrong, the Court of Appeal's interpretation of state law is binding. *See Bradshaw*, 546 U.S. at 76. Accepting that interpretation of state law, Guenther has not demonstrated the jury instruction was so ambiguous that it violated his constitutional rights. *See Estelle*, 502 U.S. at 72. And as with the preceding claim, Guenther does not meaningfully explain how the jury instruction interfered with his right against conviction except by proof beyond a reasonable doubt. *Cf. Martinez v. Garcia*, 379 F.3d 1034, 1039–41 (9th Cir. 2004) (finding due process violation when the jury could have convicted on a theory of guilt not justified by state law).

3. Doe's testimony regarding Guenther's state of mind does not justify relief. The Court of Appeal held Doe's testimony was admissible as a matter of state law. *Guenther*, 104 Cal. App. 5th at 524–29. Again, that decision concerning state law is binding. *See Bradshaw*, 546 U.S. at 76. The Court of Appeal did not reach Guenther's constitutional argument because he "d[id] not make an alternative argument that admission of this testimony separately violated his constitutional rights." *Guenther*, 104 Cal. App. 5th at 529 n.15. Guenther has not demonstrated

Doe's testimony was "so unduly prejudicial that it render[ed] [his] trial fundamentally unfair." *See Payne v. Tennessee*, 501 U.S. 808, 825 (1991). The jury could rationally infer that Doe, the other person in the relationship, had some insight into whether Guenther believed that she loved him and that she wanted to participate in various sex acts. *See Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991). Though Doe's testimony was damaging to Guenther's defense, that alone does not make it unduly prejudicial. Moreover, the jury was instructed that it could credit or disregard opinion testimony from any lay witness, including Doe.

4. The Court of Appeal's rejection of Guenther's Eighth Amendment proportionality argument is not "contrary to" or "an unreasonable application of" Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). It concluded that though "the consecutive mitigated sentences of three years for each sex offense gave rise to a 60-year prison term," the sentence "reflects the number of counts for which Guenther was convicted and does not render the sum of those sentences disproportional." *Guenther*, 104 Cal. App. 5th at 533. Guenther argues the Court of Appeal erred by failing to independently analyze the proportionality of his cumulative sentence. But "[t]here is no clearly established law from the Supreme Court on whether Eighth Amendment sentence proportionality must be analyzed on a cumulative or individual basis when a defendant is sentenced on multiple offenses." *Patsalis v. Shinn*, 47 F.4th 1092, 1101 (9th Cir. 2022) (citations omitted). Accordingly, the Court of Appeal's decision cannot be contrary to or an unreasonable application of clearly established law. *See id.* at 1101–02.

Guenther's petition is DENIED. The Court will enter separate judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 10, 2026

JACQUELINE SCOTT CORLEY
United States District Judge